UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFFORD OSMER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10331** |
| **BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY** | **SECTION "B"(1)** |

## ORDER & REASONS

Considering defendants' opposed motion to exclude causation testimony of Patricia Williams, Ph.D (Rec. Doc. 47),

IT IS ORDERED that the motion is GRANTED due to, among other reasons, the acknowledged failure of this expert to provide dose calculations and evidence of plaintiff's level of exposure in this toxic tort case per *McGill v. BP Expl. & Prod., Inc.,* No. 19-60849, 2020 WL 6038677 (5th Cir. Oct. 12, 2020), and *Allen v. Pa. Eng'g Corp.,* 102 F.3d 194 (5th Cir. 1996). In the absence of those required elements, the opinions of this toxicologist do not withstand scrutiny under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Christophersen v. Allied Signal Corp.*, 939 F.2d 1106, 1114 (5th Cir. 1991), *cert. denied*, 503 U.S. 912 (1992); *Moore v. Ashland Chem., Inc.,* 151 F.3d 269, 276-278 (5th Cir. 1998), *cert. denied*, 526 U.S. 1064 (1999); and FRE 702.

Additionally, Dr. Williams's opinions are in large part contradicted by plaintiff's other causation experts, Dr. Natalie Perlin and Lee Lemond. Also, her opinions are based on

1

substantially the same studies and analysis that she provided in several other BELO cases. We find the same deficiencies found to exist in her prior opinions also exist here. Pertinent examples of same can be found in *In re Deepwater Horizon BELO Cases*, No. 3:19-cv-963, 2020 WL 6689212, at *12 (N.D. Fla. Nov. 4, 2020), ECF No. 97 (And Rec. Doc. 47-9 in this case); see also Plaintiff's reply in support of continuing trial and modifying deadlines, Rec. Doc. 38-2 at pp. 6-7 (Stating inability "to effectively meet the high threshold for establishing a reliable quantified measure of exposure that can meet the Daubert standard..." due to court decisions in the aforementioned Northern District of Florida case and the more instructive *McGill* case from the Fifth Circuit.).

Dr. Williams's temporal-based testimony is also inadmissible due to deviations from accepted scientific standards. See Federal Judicial Center, *Reference Manual on Scientific Evidence* (3d ed. 2011); and *Moore v. Ashland Chem., Inc.,* 151 F.3d 269, 276-78 (5th Cir. 1998), *cert. denied*, 526 U.S. 1064 (1999) ("[T]emporal connection between exposure to chemicals and an onset of symptoms, standing alone, is entitled to little weight in determining causation.").

Additionally, the opinion is flawed for its failure to rule out other potential causes of plaintiff's medical condition on a scientific basis. *McGill v. BP Expl. & Prod., Inc.*, No. 19-60849, 2020 WL 6038677 (5th Cir. Oct. 12, 2020); *Williams v. Mosaic*

*Fertilizer, LLC*, 889 F.3d 1239, 1248-49 (11th Cir. 2018)(Expert causation testimony was found inadmissible for failing to present scientific basis upon which the expert relied to reasonably exclude identified potential alternative causes.).

New Orleans, Louisiana this 16th day of September 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE