```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**CLIFFORD OSMER**                                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 19-10331**

**BP EXPLORATION & PRODUCTION INC.**                            **SECTION "B"(1)**
**AND BP AMERICA PRODUCTION COMPANY**

<u>**ORDER AND REASONS**</u>

Before the Court are several motions: Dr. Patricia Williams's motion to intervene (Rec. Doc. 116), Dr. Williams's motion for leave to file a motion to vacate (Rec. Doc. 117), plaintiff Clifford Osmer's motion for sanctions against Williams Law Office, LLC (Rec. Doc. 126), and plaintiff's stipulation of dismissal (Rec. Doc. 131). Plaintiff and defendants BP Exploration and Production, Inc. and BP America Production Company opposed both of Dr. Williams's motions (Rec. Docs. 118, 119, 121) and Dr. Williams opposed plaintiff's motion for sanctions (Rec. Doc. 127). Dr. Williams then replied to the plaintiff and defendants' opposition to her motions (Rec. Docs. 129, 130). Accordingly,

**IT IS ORDERED** that Dr. Williams's motion to intervene (Rec. Doc. 116) is **DENIED** and Dr. Williams's motion for leave to file a motion to vacate (Rec. Doc. 117) is therefore **DISMISSED AS MOOT**. A nonparty witness does not have a right to intervene because a court ruling "will cost [her] to suffer in her professional reputation and ability to perform expert witness services." Rec.

Doc. 116-4 at 2; *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc); *see also Arnold v. City of San Antonio*, No. SA-07-CV-877-XR, 2009 WL 3247979, at *3 (W.D. Tex. Oct. 2, 2009) (citing *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)) (stating "a *significant* economic stake in the outcome of the underlying litigation does not create a significantly protectable interest" for allowing intervention); *Calloway v. Westinghouse Elec. Corp.*, 115 F.R.D. 73, 74 (M.D. Ga.), *appeal dismissed*, 831 F.2d 1069 (11th Cir. 1987) ("Rule 24(a)(2) was not designed to provide a forum for witnesses in the underlying action to protect their reputation in the community."); *Morgan Keegan & Co. v. Garrett*, 848 F. Supp. 2d 691, 692, 693 (S.D. Tex. 2012) (finding expert witness had no basis to intervene "because he was only a witness, and he ha[d] no legally protectable interest in these proceedings.").

Similarly, there is no basis to allow a permissive intervention by this nonparty witness in order to revisit Daubert rulings relative to methodology for the witness's opinions. *Calloway*, 115 F.R.D. at 74. This Court along with parties have extensively considered issues that led to the Daubert order that excluded movant as a witness. *See* Rec. Doc. 111. We decline this nonparty's invitation to revisit rulings on methodology, etc. *See MAC Sales Inc. v. E.I. Dupont de Nemours,* No. 89-4571, 1995 WL 581790, at *4 (denying permissive intervention when intervention

2

would serve no useful purpose to the underlying action and would only complicate and delay an already lengthy and complicated litigation to the prejudice of the parties). Movant's dispute is with plaintiff's counsel over several contested facts involving their interactions with each other. Rec. Doc. 121-1 at 4-5; Rec. Doc. 116-4 at 2, 5-6; Rec. Doc. 130 at 10-11. To delve further into that relationship, would invite every witness to seek intervention under similar situations when other means are available to resolve their differences, without prejudicing a party in the instant action.

Dr. Williams attempts to distinguish *Calloway* and *Mac Sales, Inc.* from this instant matter by arguing that in those cases the court found the witnesses lied and perjured themselves, whereas here it did not. *See* Rec. Doc. 130 at 10; Rec. Doc. 129 at 10. However, no assumption is made that such distinction determines a significant protectable interest, nor does Dr. Williams cite a case to that point. *See id.* Regardless of whether or not the reputational interest refers to accusations of dishonesty, an economic or reputational concern is not a significant protectable interest justifying intervention. *See New Orleans Public Service,* 732 F.2d at 465; *Calloway*, 115 F.R.D. at 74.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions against the Williams Law Office, LLC (Rec. Doc. 126) is **DENIED.**

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney may not file a written motion that: (1) is "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) includes a frivolous argument "for extending, modifying, or reversing existing law or for establishing new law"; (3) has no evidentiary support; and (4) denies factual contentions when unwarranted on the evidence. Fed. R. Civ. P. 11(b).

Plaintiff contends that Dr. Williams's motions were "frivolous pleadings" requiring monetary sanctions. Rec. Doc. 126-1 at 3. While plaintiff might dispute Dr. Williams's presentation of certain facts, sanctioning Dr. Williams's counsel for proposed intervention is not warranted when the deterrent purpose of Rule 11 would be undermined or the alleged conduct violating Rule 11 is merely an attorney defending their client. "[S]anctions are normally reserved for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable, or without legal foundation or brought for an improper purpose. It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, No. CA 3-95-CV-2577-R, 1997 WL 135676, at *8

4

(N.D. Tex. Mar. 12, 1997) (internal footnotes and quotations omitted).

As all pending motions have been summarily resolved,

**IT IS FURTHER ORDERED** that plaintiff's stipulation of dismissal is **GRANTED.** Plaintiff Clifford Osmer's claims against defendants BP Exploration and Production, Inc. and BP America Production Company in the above-captioned matter are hereby **DISMISSED WITH PREJUDICE,** with each party to bear its own court costs, specifically reserving plaintiff's rights under the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement. *See* Order and Reasons Granting Final Approval of the Medical Benefits Class Action Settlement, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, April 20, 2010*, No. 10-md-2179 (E.D. La. Jan. 11, 2013), Rec. Doc. 8217.

New Orleans, Louisiana this 15th day of December, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE